STATE OF CONNECTICUT *v.* WILLIAM SASSO

REVIEW DIVISION OF THE SUPERIOR COURT

Decided May 3, 1960

*William Sasso,* the defendant, pro se.

*Thomas F. Wall,* state's attorney, for the state.

BY THE DIVISION. The defendant, age seventeen, pleaded guilty on February 9, 1960, to one count of having a weapon in a motor vehicle, one count of forgery and one count of conspiracy and was sentenced to state prison for not less than three nor more than five years, three years and one year, respectively.

The maximum penalty on the weapons count is a fine of not more than $1000 or five years, or both; General Statutes § 29-38; on the forgery count the maximum penalty is five years; § 53-346; and on the conspiracy count the maximum is a fine of not more than $5000 or fifteen years, or both. § 54-197.

On January 8, 1960, the defendant and codefendant Baker were driven to several towns in Litchfield County by the codefendant DeFilio, to cash checks in various package stores and other places of business. Approaching North Canaan, they were stopped by the police because there was only one number plate on the car. Investigation revealed that the car was not registered, and a search revealed the presence

of a .38 caliber revolver and a 12-gauge shotgun with ammunition. Subsequent questioning revealed that the defendant had stolen the checks from a trailer company.

Even though the defendant is only seventeen, his record, starting in 1954, is replete with breaking and entering and theft offenses and shows an antisocial attitude during time spent in the Connecticut Junior Republic, the Meriden School for Boys, and the Cheshire Reformatory. His intimates are all much older, but he is considered the ringleader of the group. According to the probation report, he is reputed to be a vicious type of person with no conscience and informed that officer the reason he carried a gun was that he planned to shoot any "cop" who tried to arrest him.

After commenting upon the record of the defendant, the court in passing sentence stated, "You have been in other institutions and, apparently, they have done you no good. You were transferred to the Cheshire Reformatory, and your experience there apparently hasn't helped. It's hard for me to comprehend how a young man of your age could have done what you have done in this particular instance. It is hard for me to comprehend, as has been brought out here, that you were probably the one who was more to blame than others who are older than you."

Under all of the circumstances, the sentence imposed was reasonable and should stand.

Devlin, House and Loiselle, Js., participated in this decision.